**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-4279**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELANO DESHON MARLEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00372-WO-1)

---

Submitted:  March 24, 2022                    Decided:  April 7, 2022

---

Before QUATTLEBAUM and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF**: Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delano Deshon Marley pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 46 months' imprisonment. On appeal, Marley's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court's decision to impose an upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a) (2018) was procedurally reasonable and whether Marley's 46-month sentence was substantively reasonable in light of the district court's explanation of the 18 U.S.C. § 3553(a) factors.[*] Although informed of his right to file a supplemental pro se brief, Marley has not done so. The Government declined to file a brief. We affirm the district court's judgment.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C.

---

[*] Shortly after we entered the briefing order in this case, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Our review of the record reveals no nonfrivolous *Rehaif* challenge to Marley's conviction. *See Greer v. United States*, 141 S. Ct. 2090, 2097, 2100 (2021).

2

§ 3553(a) factors, and sufficiently explained the selected sentence." *Id.* If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up). Therefore, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020).

Our review of the record convinces us that Marley's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable advisory Guidelines range, considered the parties' arguments, and adequately explained its reasons for imposing a departure under USSG § 4A1.3(a). Nor did the district court abuse its discretion in concluding that a 46-month sentence was warranted in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's criminal judgment. This court requires that counsel inform Marley, in writing, of the right to petition the Supreme Court of the United States for further review. If Marley requests that a petition

3

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*